Counterproposal August 9, 2005 For Settlement Discussion Only

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VOICES FOR INDEPENDENCE and PAUL PECUNAS; on behalf of themselves and all others similarly situated | : : : | Civil Action No.: 04-328Erie |
| | : | HON: Sean J. McLaughlin |
| Plaintiffs, | : | |
| v. | : | |
| CITY OF MEADVILLE, PENNSYLVANIA, | : : | |
| Defendant. | : | CLASS ACTION |

### SECOND CONSENT DECREE

This Second Consent Decree in no way affects the First Consent Decree previously entered during the Spring of 2005, which remains in full force and effect.

1.  **Future Resurfacing and Alteration.** The City of Meadville shall ensure in year 2006 and thereafter [during the effective term of this Decree] that whenever it alters or resurfaces[1] any City of Meadville streets or portions of streets adjacent to sidewalks or sidewalks adjacent to streets of City of Meadville streets, that it complies with its resolution enacted on February 23, 2005. Should the City of Meadville at any time desire to amend Resolution 7 of 2005, it shall give notice to Plaintiffs' Counsel of that intent and of the terms of the proposed Amendment. If the Plaintiffs dispute any proposed amendment, the parties employ the dispute resolution procedure hereinafter set forth to resolve the issue. If the Plaintiffs do not object to any such amendment to Resolution 7 of 2005, the amended Resolution shall be substituted for Resolution 7 of 2005 for all purposes of this Agreement. Each such project shall comply with all Americans with Disability Act requirements, including 28 C.F.R. § 35.151(b),(c),(e)(1) and (e)(2). and 28

---

[1] As used throughout this Consent Decree, the term "resurface" shall have the definition given by the United States Department of Justice Title II Technical Assistance Manual § 11-6.6000 modified as follows: Resurfacing beyond normal maintenance is an alteration. Merely filling potholes and surface treatment and resurfacing at depths of less than 1 inch is considered to be normal maintenance.

C.F.R. Part 36, App. A, the ADAAG.[2] No portion of any curb ramp or pedestrian walkway shall have a cross slope exceeding 2%.

2. **Curb Ramps and Bidding Requirements.** The City of Meadville shall ensure that all bids and contracts for such work as identified above shall include reference to the specific requirements of the Americans with Disability Act set out above. The City shall ensure that all indicated curb ramps are installed before or during the same construction season as the alterations or resurfacing. The City of Meadville also shall ensure that curb ramps complying with these requirements shall be installed at all corners with sidewalks whenever an intersection is altered or resurfaced by the City of Meadville during year 2006 and thereafter [during the effective term of this Decree].

3. **Annual Report and Annual Meeting.** On or before January 31 of each year during which this Decree is in effect, the City of Meadville shall send a written report to Plaintiffs' Counsel, Plaintiff Paul Pecunas and to Voices for Independence, listing each intersection altered or resurfaced during the previous year, and listing each sidewalk altered, constructed or resurfaced during the previous year, and stating where new curb ramps have been installed as a part of these projects. Prior to March of each year, representatives of the parties shall meet to review and discuss the City's street resurfacing and alteration plan for the ensuing construction season.

4. **Potential Exceptions as to Running Slope of Curb Ramps.** To the maximum extent feasible, no portion of any newly constructed curb ramps shall have a running slope in excess of 1:12 (8.33%). At anytime, if Meadville believes that any portion of the running slope of any newly constructed curb ramps must exceed 8.33%, Meadville shall notify plaintiffs in writing of any newly

---

[2] The City of Meadville has chosen to follow the ADAAG standards rather than the UFAS standards. See United States Department of Justice ADA Title II Technical Assistance Manual, Section 11-6.2100 and the Plaintiffs consent to that decision.

constructed curb ramps that must exceed 8.33% and the reason why the slope must exceed 8.33% as set forth in paragraph 8. Unresolved disputes shall be resolved by the procedures set forth in paragraph 9.

5. **Level Landings and Potential Exceptions.** To the extent reasonably possible, Meadville shall ensure that each curb ramp constructed during 2006 and thereafter has at its top a level landing of at least 48 inches by 48 inches, with no portion of any slope in any direction exceeding 2%. In the event that Meadville believes this is not reasonably possible, for example due to a situation as shown in the ADAAG Figure 12(a), then, to the extent reasonably possible, the City shall install a parallel ramp or a combination ramp. If Meadville believes this is not reasonably possible, it shall notify Plaintiffs of the type of curb ramp it intends to install in the same manner as set forth in Paragraph 8. Unresolved disputes shall be resolved by the procedures set forth in paragraph 9.

6. **Detectable Warnings.** On all curb ramps installed in the year 2006 and thereafter, any otherwise applicable detectable warning requirements shall be modified to only require full width warning for two feet of running ramp length.

7. **Potential Exceptions Pursuant to 28 C.F.R. Part 36, App. A § 4.1.6(j).** The parties agree that the ADAAG at 28 C.F.R. Part 36, App. A § 4.1.6 and 4.1.1.5(a); 4.1.6(3); and 28 C.F.R. § 35.151(c), to the extent applicable, shall be the standard to judge the validity of any City assertions that construction or alterations can not or are not required to meet in full the construction and design standards set out in the paragraphs above. Unresolved disputes shall be resolved by the procedures set forth in paragraph 9.

8. **Notification by the City.** Any time during the term of this Consent Decree that the City of Meadville believes that site conditions at any particular intersection scheduled for improvement prohibits or makes unnecessary construction or alteration in full compliance with each of the standards set out above (or in the event of any other matter requiring notice under this consent decree), the City of

Meadville, within ten (10) days of discovery of the matter, shall inform plaintiffs Paul Pecunas and Voices for Independence in writing and shall inform Plaintiffs' Counsel in writing by certified mail. This writing shall list which engineer(s) have reviewed the intersection, the location of the intersection, and a statement of which standard(s) can not be met, why not, and how much of a deviation from the standard(s) is contemplated. The City shall include a sketch of any proposed deviant curb ramp, with the proposed final measurements for each direct slope, cross-slope, lip and level landing. If plaintiffs do not object in writing to the notice within 15 days from the postmark of the written notification, the City of Meadville may presume that the deviation is acceptable to the plaintiffs and may begin construction of that particular curb ramp. The goal is that any disputed corner or curb ramp is to be built during the current construction year. Thus, it is important that the City notify plaintiffs of a potential problem promptly and that plaintiffs respond promptly. Unresolved disputes shall be resolved by the procedures set forth in paragraph 9.

9. **Unresolved Disputes.** In the event that the plaintiffs object to any actions or proposed actions of the City of Meadville, the parties expressly agree that Judge Sean McLaughlin shall have jurisdiction to resolve any disputes under the terms of this paragraph. If the dispute can not be resolved during a 15 day period from the communication of any objection to the defendant, the parties may submit written letter briefs to Judge McLaughlin with requests for such factual hearing opportunities as the submitting party(ies) may believe to be required for a proper resolution to the dispute. When one side submits such a brief, the other side shall be permitted 10 days to submit an opposing brief, if it wishes.

10. **Listing of Projects Completed After January 26, 1992.** Within ninety days of signing this document, the City of Meadville will attach to this decree and submit to the Court and to Plaintiffs' counsel a listing of all intersections resurfaced, and all sidewalk sections constructed or altered by the City of Meadville after January 26, 1992. The listing will set forth with particularity the technical measurements

of each curb ramp as compared to the target measurements set forth under the ADAAG regulations per applicable section. The provision of the listing required by this paragraph shall not be a waiver of any defense of the City as to any claims of the Plaintiffs or any other entity concerning any listed intersections, curb ramps and sidewalks. The listing shall also set forth the location of any corners at these intersections and sidewalk alterations at which curb ramps do not exist. Plaintiffs do not waive the right to assert future claims should they determine that any information in this listing is incorrect or incomplete.

11. **Time Frame For Retrofitting.** Upon filing of the listing required by Paragraph 10, the parties shall begin good faith negotiations to identify which curb ramps, if any, will be retrofitted or replaced, the standards required for any retrofitting or replacement and a time table for the agreed upon work. If within one hundred and twenty days, the parties are unable to fully agree, the parties shall arrange for a conference with the Court to resolve the matter, if at all possible without undue additional litigation. Nothing in this decree will affect in any manner the rights, duties, responsibilities, legal claims or defenses of any party with regard to the subject matter of this paragraph.

12. **PennDot Alterations.** The Pennsylvania Department of Transportation (herein "PennDOT") has resurfaced several intersections and created and altered curb ramps and sidewalks in Meadville after January 26, 1992. Within ninety days of signing this document, the City of Meadville will file with the Court, serve upon Plaintiffs' Counsel, and attach hereto a listing of these intersections and sidewalk portions, including the year of each such resurfacing and alteration. Nothing in this decree will affect in any manner the rights, duties, responsibilities, legal claims or defenses of any party with regard to the subject matter of this paragraph.

13. **Attorneys Fees.** Within thirty days of signing this document, the City of Meadville will pay $82,762.00 in attorneys fees and costs in satisfaction for all time expended from the inception of this lawsuit through September 15, 2005. By paying this amount, the City of Meadville does not agree to pay any additional

        amounts for future fees and costs, and Plaintiffs do not waive any rights to claim any additional amounts for future fees and costs incurred in prosecuting this lawsuit.

14.    **Retention of Jurisdiction.** The Court shall retain jurisdiction to enforce all terms of this Consent Decree.

15.    **Effective Term of this Consent Decree.** This Consent Decree will expire as soon as the last retrofitted intersection as listed in Paragraph 11 is installed and the last annual report is filed.

16.    **Procedure Required for City Action.** The parties acknowledge that the City of Meadville can only be bound by a legislative act of the City Council of the City of Meadville taken at a properly called public meeting. The parties further acknowledge that the negotiation of this agreement by any elected or appointed official of the City of Meadville has been done solely for the convenience of all parties in developing a document for review and possible action by the City Council. The City shall not be bound or in any way prejudiced by the action of any elected or appointed official in the negotiation, review, commenting upon or preparation of a draft of this Agreement for review and possible action by the City Council.

Read and Approved as to Form on this 24th day of August 2005, by:

_____
David L. Hotchkiss, Esq.
Diane Putney Adsit, Esq.
Culbertson, Weiss, Schetroma & Schug, P.C.
201 Chestnut St., Suite 200
Meadville, PA 16335
(814) 336-6400

_____
J. Mark Finnegan (40261)
Denise M. Heberle (42453)
HEBERLE & FINNEGAN, PLLC.
2580 Craig Road
Ann Arbor, MI 48103
(734) 302-3233
(734) 302-3234 fax

_____
Craig A. Markham (38531)
ELDERKIN, MARTIN,
KELLY & MESSINA
Jones School Square
150 East Eighth Street
Erie, PA 16501
(814) 456-4000
(814) 454-7411 fax

Attorneys for All Defendants

Attorneys for All Plaintiffs

By Council Member ___Stearns___

## COUNCIL CHAMBER

Meadville, PA, ___August 24___ 20_05_

RESOLVED, by the Council of the City of Meadville,

That:

1. The attached proposed consent decree settling certain claims which have been brought against the City in an action filed by Voices for Independence and Paul Pecunas, which was filed in the United States District Court for the Western District of Pennsylvania at Civil Action 04-328 Erie, is hereby approved substantially in the form attached; and

2. The Mayor, Controller and the City Clerk are hereby authorized and directed to execute and to attest such copies of the attached consent decree in the manner required by law as may be reasonably required for the purposes of the parties thereto.

_____
Authorize Signatures – Consent Decree

## CERTIFICATION

I, Janet L. Niedermeyer, hereby certify that I am the duly appointed City Clerk of the City of Meadville, and I hereby certify that the above resolution was adopted at a regular meeting of the City Council of the City of Meadville held August 24, 2005 and that a minimum number of Councilmembers were present to represent a quorum.

_____
Janet L. Niedermeyer, City Clerk

CITY OF MEADVILLE

ATTEST:

*[signature: Janet J. Audenmyer]*
City Clerk

BY: *[signature: Richard A. Smedly]*
Mayor

BY: *[signature: Richard K. Stephenson]*
Controller

IT IS HEREBY ORDERED that this CONSENT DECREE is ENTERED this ____ day of August, 2005.

_____
JUDGE MCLAUGHLIN
UNITED STATES DISTRICT COURT